******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## LOCH VIEW, LLC *v.* TOWN OF WINDHAM
### (AC 44169)

Bright, C. J., Suarez and Vertefeuille, Js.

*Syllabus*

The plaintiff appealed from the trial court's denial of its motion to open the judgment dismissing its 2019 action against the defendant town regarding a municipal tax dispute, claiming that the court failed to exercise its discretion in ruling on that motion or, in the alternative, that it abused its discretion. The court had dismissed the 2019 action pursuant to the prior pending action doctrine, on the basis that the plaintiff had filed a previous action in 2016 against the defendant which had not been resolved and the two actions were virtually alike, both actions having been brought to adjudicate the same underlying rights and factual claims. Thereafter, the trial court in the 2016 action denied the plaintiff's request for leave to amend its complaint to add a count alleging the constitutional violations that it had asserted in the 2019 action, and the court in the 2019 action denied the plaintiff's motion to open the judgment. *Held* that the trial court exercised its discretion in denying the plaintiff's motion to open, as it considered and rejected the change in circumstances identified by the plaintiff in its motion, and the court did not abuse its discretion in concluding that the court's denial of the plaintiff's request to amend its complaint in the 2016 action did not require that the judgment of dismissal in the 2019 action be opened; moreover, the plaintiff could still fully and fairly litigate its constitutional claims in the 2016 action, as the plaintiff raised an identical constitutional argument as a special defense to the defendant's counterclaim in the 2016 action and the fact that the plaintiff was forced to make its constitutional claim defensively instead of affirmatively did not affect the plaintiff's ability to litigate those arguments; furthermore, the court properly considered the interests of judicial economy and efficiency and the need to avoid duplicative litigation and conflicting results in denying the plaintiff's motion to open.

Argued November 18, 2021—officially released April 19, 2022

*Procedural History*

Action to recover damages for the defendant's alleged violation of certain of the plaintiff's constitutional rights, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Budzik, J.*, granted the defendant's motion to dismiss and rendered judgment thereon; thereafter, the court denied the plaintiff's motion to open the judgment, and the plaintiff appealed to this court. *Affirmed.*

*Richard P. Weinstein*, with whom, on the brief, was *Sarah Black Lingenheld*, for the appellant (plaintiff).

*Eric W. Callahan*, with whom, on the brief, was *Richard S. Cody*, for the appellee (defendant).

*Opinion*

BRIGHT, C. J. In this action that arose out of a municipal tax dispute, the plaintiff, Loch View, LLC, appeals from the judgment of the trial court denying its motion to open, modify, and vacate the judgment dismissing the its action against the defendant, the town of Windham.[1] Specifically, the plaintiff contends that the court either failed to exercise its discretion or abused its discretion in denying its motion to open.[2] We affirm the judgment of the trial court.

The following facts, as summarized in the court's memorandum of decision, and procedural history are relevant to our disposition of this appeal. "On July 2, 2009, [the plaintiff] and [the defendant] entered into a written tax fixing agreement [agreement] whereby [the defendant] agreed to set municipal taxes on two parcels of property on Main Street in Windham at a discounted rate in exchange for [the plaintiff] taking over the properties and investing a certain amount of money into the redevelopment of those properties. To ensure that [the plaintiff was] meeting its obligations under the tax fixing agreement, the agreement require[d] [the plaintiff] to provide periodic reports and documentary evidence to [the defendant] demonstrating that [the plaintiff was] in fact making the required investments in the properties. The [agreement] provide[d] [the defendant] with the right to cancel the [agreement] and recoup any tax benefits provided to [the plaintiff] should [the defendant] determine that [the plaintiff was] not living up to its investment commitments. In 2016, [the defendant] determined that [the plaintiff] was not living up to its obligations under the [agreement] and therefore [the defendant] sought to exercise what [it] viewed as its right to retroactively reassess the relevant properties in order to recoup the tax benefits provided to [the plaintiff] under the agreement."

Thereafter, in *Loch View, LLC* v. *Windham*, Superior Court, judicial district of Hartford, Docket No. CV-16-6149827-S, the plaintiff commenced an action challenging the defendant's termination of the agreement and its attempt to retroactively assess the relevant parcels and charge the plaintiff back taxes (2016 action). The plaintiff specifically alleged that (1) the defendant's tax assessments were "manifestly excessive," (2) the defendant failed to "apply uniform percentages to the present true and actual valuation of the properties," in violation of General Statutes § 12-64,[3] and (3) the valuation of the plaintiff's two parcels of property was grossly and manifestly excessive, in violation of the equal protection clause of the state constitution.

The plaintiff subsequently requested and was granted leave to amend its complaint five times in the 2016 action to add additional counts arising out of the defendant's retroactive adjustment of taxes with respect to

additional tax years. Through those amended complaints, the plaintiff also added counts that (1) alleged that the defendant breached the agreement, (2) alleged that the defendant breached the obligation of good faith and fair dealing with respect to its enforcement of the agreement, (3) demanded a declaratory judgment seeking to declare illegal and void the defendant's retroactive assessment, (4) sought injunctive relief arising out of the defendant's enforcement of the contract, and (5) alleged that, in the event that the defendant was permitted to retroactively assess the plaintiff's taxes, the plaintiff sought a refund for its overpayment of taxes.

On April 30, 2019, the defendant filed a counterclaim in the 2016 action, alleging that the plaintiff had breached the agreement and that the defendant was therefore "entitled to recapture a sum equal to the financial benefit the plaintiff received as a result of reduced tax levies . . . ." The defendant specifically alleged that the plaintiff had failed (1) to meet the financial requirements of the agreement, (2) to pay recaptured taxes pursuant to the agreement, (3) to accurately account for the cost of work done on the parcels, and (4) to provide the town with thorough and semiannual reports pursuant to the agreement. Thereafter, on October 21, 2021, the plaintiff filed an answer to the defendant's counterclaim and asserted eight special defenses, including a special defense that the defendant's actions in terminating the agreement deprived the plaintiff of its constitutional right to challenge the tax assessment and violated its procedural and substantive due process rights.

In 2019, while the 2016 action was pending,[4] the plaintiff filed the action underlying this appeal, alleging in a single count that it had been deprived of its constitutional rights, privileges, and immunities (2019 action). The 2019 action specifically alleged that the defendant's cancellation of the tax fixing agreement was "improper, illegal, arbitrary, and capricious," that it violated the plaintiff's state and federal due process rights, and that it constituted a taking under the United States and Connecticut constitutions. Given that the complaint alleged several federal law claims, the defendant removed the case to federal court. Shortly after its removal, however, the plaintiff filed an amended complaint in state court that alleged only state law causes of action, and the case was remanded back to state court. The defendant then moved to dismiss the 2019 action in its entirety, pursuant to the prior pending action doctrine, arguing that the plaintiff's claims in the 2019 action were duplicative of those in the pending 2016 action.

Thereafter, the court, *Budzik, J.*, issued a memorandum of decision in which it granted the defendant's motion to dismiss. In so ruling, the court concluded that "both cases require resolution of the same underlying rights and factual claims, specifically, whether [the defendant] properly exercised its rights under the

[agreement]" and, consequently, concluded that the plaintiff's 2016 and 2019 actions were virtually alike, and that, "under the circumstances of this case," it was proper for the court to dismiss the 2019 action. In reaching that decision, the court reasoned: "First, there does not appear to be any prejudice to [the plaintiff] in having the terms of the [agreement] determined in the context of the 2016 case. Count three of [the plaintiff's] operative complaint in the 2016 case squarely alleges that [the defendant] violated the [agreement]. [The plaintiff] has offered no reason why the court hearing the 2016 case cannot properly adjudicate that issue, or that [the plaintiff] will not have a full and fair opportunity to litigate that issue as part of the 2016 case. Second, [the plaintiff] has not identified any relief that it is seeking in this case that it cannot receive in the 2016 case. . . . Finally, this case is in its early stages. Therefore, it would serve the interests of judicial economy, avoiding unnecessary litigation, and avoiding conflicting results from different courts to dismiss this case and have [the plaintiff] litigate its claims over the proper application of the [agreement] in the 2016 case."

Thereafter, the plaintiff filed a request for leave to amend its complaint in the 2016 action, so that it could add the constitutional count that it had asserted in the recently dismissed 2019 action. The court, *Cordani, J.*, denied that request as untimely. The plaintiff then filed a motion to open and vacate the judgment of dismissal in the 2019 action, alleging that the denial of its request to amend its complaint in the 2016 action constituted a good and compelling reason to open the judgment in the 2019 action. The court denied the plaintiff's motion to open, and this appeal followed. Additional facts and procedural history will be set forth below as necessary.

We first set forth our standard of review and the applicable law. "The principles that govern motions to open . . . a civil judgment are well established. Within four months of the date of the original judgment, Practice Book [§ 17-4] vests discretion in the trial court to determine whether there is a good and compelling reason for its modification or vacation. . . . The exercise of equitable authority is vested in the discretion of the trial court . . . to grant or to deny a motion to open a judgment." (Internal quotation marks omitted.) *Newtown* v. *Ostrosky*, 191 Conn. App. 450, 468, 215 A.3d 1212, cert. denied, 333 Conn. 925, 218 A.3d 68 (2019). If a court fails to exercise its discretion in ruling on a motion to open, that failure to do so is error. See *Higgins* v. *Karp*, 243 Conn. 495, 504, 706 A.2d 1 (1998); see also *State* v. *Lee*, 229 Conn. 60, 73–74, 640 A.2d 553 (1994) ("[i]n the discretionary realm, it is improper for the trial court to fail to exercise its discretion").

When a court exercises its discretion in ruling on a motion to open, we review the court's decision for an abuse of discretion. See, e.g., *Dimmock* v. *Allstate Ins.*

*Co.*, 84 Conn. App. 236, 241, 853 A.2d 543, cert. denied, 271 Conn. 923, 859 A.2d 577 (2004). "In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *In re Travis R.*, 80 Conn. App. 777, 782, 838 A.2d 1000, cert. denied, 268 Conn. 904, 845 A.2d 409 (2004); see also *Hall* v. *Hall*, 335 Conn. 377, 396, 238 A.3d 687 (2020) (trial courts enjoy "broad discretion" in determining whether to grant motion to open).

"The prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court. The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second [action], and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction." (Internal quotation marks omitted.) *Cumberland Farms, Inc.* v. *Groton*, 247 Conn. 196, 216, 719 A.2d 465 (1998). Under the prior pending action doctrine, the court must determine "whether the two actions are: (1) exactly alike, i.e., for the same matter, cause and thing, or seeking the same remedy, and in the same jurisdiction; (2) virtually alike, i.e., brought to adjudicate the same underlying rights of the parties, but perhaps seeking different remedies; or (3) insufficiently similar to warrant the doctrine's application. . . . If the two actions are exactly alike or lacking in sufficient similarities, the trial court has no discretion. In the former case, the court must dismiss the second action, and in the latter instance, the court must allow both cases to proceed unabated. Where the actions are virtually, but not exactly alike, however, the trial court exercises discretion in determining whether the circumstances justify dismissal of the second action." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Bayer* v. *Showmotion, Inc.*, 292 Conn. 381, 397–98, 973 A.2d 1229 (2009); see also id., 403–404 (holding that, when actions are virtually alike, it is proper to dismiss later action if nonmoving party will not be prejudiced, nonmoving party will have opportunity to litigate claims in prior action, prior action provides remedy for claims, and dismissal of later action serves policy interests behind prior pending action doctrine).

On appeal, the plaintiff first claims that the court erred when it denied the plaintiff's motion to open because the court failed to exercise its discretion when it ruled on the motion. We disagree.

In its order denying the plaintiff's motion to open, the court stated: "The fact that the [court in the 2016 action] exercised its discretion to limit amendments and denied [the] plaintiff's request to amend as untimely because the plaintiff waited some [four] years to assert a purported constitutional claim *does not change* this court's analysis on the motion to dismiss that the same underlying facts are at issue in both the [2016 action] and this case and, thus, there is no basis to open the judgment resulting from this court's ruling on the motion to dismiss." (Emphasis added.)

On the basis of this order, we conclude that, contrary to the plaintiff's claim, the court's ruling reflects that it exercised its discretion when it denied the plaintiff's motion. By stating that the plaintiff's inability to amend its complaint in the 2016 action *did not change* the court's analysis with regard to its judgment dismissing the 2019 action, the court was essentially saying that it had considered the change in circumstances identified by the plaintiff but that it did not conclude as a matter of law that the change provided a sufficient basis for the court to open the judgment. Thus, because the court considered, and rejected, the change in circumstances identified by the plaintiff in its motion, the court exercised its discretion in denying that motion.

The plaintiff next claims that, in the event that the court exercised its discretion when ruling on the plaintiff's motion, it abused that discretion when it denied the motion. We are not persuaded.

Initially, we observe that the court was not required to consider how the plaintiff chose to prosecute the 2016 action or the rulings made by the court in that case when deciding the plaintiff's motion to open. It is undisputed that both actions arose out of the same facts. For whatever reason, when the plaintiff filed its 2016 action it did not allege the constitutional claim that it later asserted in the 2019 action. It also did not seek to amend its complaint in the 2016 action to assert that claim before bringing the 2019 action. The litigation strategy the plaintiff pursued came with attendant risks, and the court in the 2019 action was not required to grant the plaintiff's motion to open to save the plaintiff from the consequences of those risks. Furthermore, the court in the present case was not required to effectively undo the denial of the motion to amend by the court in the 2016 action that was found to be untimely and prejudicial to the defendant.[5] Parties are not entitled to subvert the decisions of one court by going to a separate court for relief from those decisions, as would have been the case here had the court granted the plaintiff's motion to open. Finally, to the extent the plaintiff does not prevail in the 2016 action and believes that the court abused its discretion in denying its motion to amend, it can seek appropriate relief on appeal in that action.

We also are unpersuaded by the plaintiff's argument that the court's refusal to open the judgment dismissing the 2019 action constituted an abuse of discretion because that decision prejudiced the plaintiff by leaving it without a forum in which to adjudicate its constitutional claim. In the plaintiff's October 21, 2021 answer to the defendant's counterclaim, the plaintiff raised the same constitutional argument that it sought to raise in the 2019 action but as a special defense instead of an affirmative claim.[6] In that special defense, the plaintiff alleged that "the defendant's actions in retroactively terminating the contract and then simultaneously retroactively reassessing or imposing additional taxes for all the years covered by the contract deprived the plaintiff of its constitutional rights to challenge the amount of the tax reassessment, and was done in a way which violated both procedural and substantive due process." This language closely tracks with the constitutional arguments that the plaintiff asserted in its 2019 action, wherein it alleged that "[t]he actions and conduct of the [defendant] constituted a taking[7] [in violation of the state constitution]" and "the [defendant's position] that the plaintiff is without recourse to take any action to seek review and determination by the courts in regard to [the defendant's] wrongful action, constitutes a violation of . . . due process of law. . . ." (Footnote added.)

We do not think that the fact that the plaintiff must make its constitutional claim defensively, instead of affirmatively, affects the plaintiff's ability to litigate its constitutional arguments in the 2016 action. Indeed, regardless of whether its constitutional argument is made as a defense or as an affirmative claim, the plaintiff will need to prove the same things to prevail. Additionally, the remedy sought—the nonpayment of the back taxes—is the same regardless of how, procedurally, the plaintiff's constitutional argument is raised. In fact, at oral argument before this court, the plaintiff was unable to explain how the affirmative claim that it sought to raise in the 2019 action was substantively different from the constitutional defense that it has alleged in the 2016 action.[8] Thus, because the plaintiff still can fully and fairly litigate its constitutional arguments in the 2016 action, we disagree with the plaintiff's contention that the court in the present case left it without a forum in which to make those arguments. Accordingly, there cannot be an abuse of discretion on that basis.

Finally, the policy concerns that the court considered when dismissing the 2019 action—including the interests in judicial economy and efficiency and the need to avoid duplicative litigation and conflicting results— all remained relevant considerations when it considered the motion to open. Thus, the continued relevance of these policy concerns further supports our conclusion

that the court's decision to deny the plaintiff's motion to open was not an abuse of discretion.

For these reasons, we conclude that the court did not abuse its discretion in concluding that the court's denial of the plaintiff's request to amend its complaint in the 2016 action did not require that the court open the judgment of dismissal in the 2019 action.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] In its initial complaint, the plaintiff also named Chandler Rose, town assessor, and Gay A. St. Louis, town collector of revenue, as defendants. According to the plaintiff, those defendants were "inadvertently omitted from the summons" that was filed in the action. The plaintiff states that both Rose and St. Louis were eventually made parties to the action but that they were never listed as parties on the electronic docket maintained by the Judicial Branch. In its memorandum of decision, the court did refer to Rose and St. Louis as defendants. Neither Rose nor St. Louis, however, has participated in this appeal. All references to the defendant in this opinion are to the town of Windham.

[2] The plaintiff also initially appealed the court's decision granting the defendant's motion to dismiss. That appeal, however, was dismissed by this court as untimely. Because the plaintiff does not challenge the merits of the dismissal in the present appeal, we do not address the merits of that ruling.

[3] General Statutes § 12-64 (a) provides in relevant part: "All the following mentioned property, not exempted, shall be set in the list of the town where it is situated and, except as otherwise provided by law, shall be liable to taxation at a uniform percentage of its present true and actual valuation, not exceeding one hundred per cent of such valuation, to be determined by the assessors: Dwelling houses, garages, barns, sheds, stores, shops, mills, buildings used for business, commercial, financial, manufacturing, mercantile and trading purposes, ice houses, warehouses, silos, all other buildings and structures, house lots, all other building lots and improvements thereon and thereto, including improvements that are partially completed or under construction, agricultural lands, shellfish lands, all other lands and improvements thereon and thereto, quarries, mines, ore beds, fisheries, property in fish pounds, machinery and easements to use air space whether or not contiguous to the surface of the ground. . . ."

[4] At the time of oral argument in this appeal, the 2016 action was still pending.

[5] When denying the plaintiff's request to amend its complaint in the 2016 action, the court stated in relevant part: "[T]he court finds that the sixth amended complaint was not timely filed and there is no suitable justification for its untimeliness. Further, the pleadings are closed and a further amendment to the complaint asserting a new count and new claims would be prejudicial to the defendant. As such, the court respectfully declines the plaintiff's request to file a sixth amended complaint."

[6] As the plaintiff conceded at oral argument before this court, the constitutional arguments in both the 2016 and the 2019 actions are, in essence, the same. More specifically, in both actions the plaintiff argues that the application of a one year statute of limitations to its claims unconstitutionally bars the plaintiff from challenging the defendant's imposition of back taxes.

[7] The fact that the plaintiff's special defense to the defendant's counterclaim in the 2016 action does not explicitly mention a takings claim does not affect our analysis, as the plaintiff's claim in its special defense that the defendant's retroactive adjustments "deprived it of its constitutional right to challenge the amount of the tax assessment" is the functional equivalent of such a claim.

[8] Indeed, the plaintiff could identify only one difference between the constitutional arguments that it sought to make in the 2016 and 2019 actions, which was that, if it was allowed to assert an affirmative constitutional claim, it might be able to recover costs and attorney's fees, while if the claim was made defensively, such relief would be unavailable. We, however, do not think that the possibility for the plaintiff to recover costs and fees in the 2019 action provides a sufficient reason to conclude that the court abused its discretion when it denied the plaintiff's motion to open.